IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILBER MOCTEZUMA<br>on behalf of himself individually,<br>and ALL OTHERS SIMILARLY<br>SITUATED<br>Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |
| v.<br><br>FRONTIER SERVICES GROUP LLC<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | COLLECTIVE ACTION<br>(JURY TRIAL) |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      Frontier Services Group LLC. does not pay its Technicians  overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Instead, Frontier Services Group LLC. improperly pays its Technicians a day rate, not time and a half for overtime hours worked.  Because these workers are employees under the FLSA, Wilber Moctezuma and the other Technicians  are entitled to recover unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

2.      This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper because Frontier Services Group LLC. is headquartered in Houston, Texas and many of the relevant facts occurred there.

4. Wilber Moctezuma worked for Frontier Services Group LLC. as a Technician. His written consent is attached.

5. Frontier Services Group LLC. is a Texas company headquartered in Houston, Texas. Frontier Services Group LLC. employees routinely engage in estimating and repairing water damage. Frontier Services Group LLC may be served with process through its Registered Agent, Gregg Autrey at 13714 Windsor Garden Lane, Houston Texas 77044. The mechanisms and products used and produced by defendants travel in interstate commerce. Frontier Services Group LLC. is covered by the FLSA and has been for each of the last 3 years. Frontier Services Group LLC. is therefore obligated to pay its non-exempt employees overtime under the FLSA.

6. The "FLSA Class Members" are all Technicians who worked for Frontier Services Group LLC. while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

7. Wilber Moctezuma was an employee of Frontier Services Group LLC..

8. Wilber Moctezuma was not an independent contractor.

9. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Wilber Moctezuma time and a half for the hours worked past forty (40) each week while employed by defendant.

10. Frontier Services Group LLC. paid Plaintiff Wilber Moctezumaa day rate, not time and a half, for the hours he worked above forty (40) during his employment with defendant.

11. Mr. Wilber Moctezuma's job duties included estimating and repairing water damage for defendant's customers.

12.     The work performed by plaintiff is the primary type of work that the company provides for its customers.

13.     The work performed by Plaintiff is an essential part of the services provided for Defendant's Customers.

14.     Frontier Services Group LLC.'s Technicians rely on the company for their work.

15.     Frontier Services Group LLC. determined where its Technicians worked and how they performed their duties.

16.     Frontier Services Group LLC. sets Technician's hours and requires them to report to work on time and leave at the end of their scheduled shift.

17.     Frontier Services Group LLC.'s Technicians work exclusively for Frontier Services Group LLC. during their employment.  Since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

18.     Technicians are not permitted to hire other workers to perform their jobs for them.

19.     Technicians do not employ staff, nor do they maintain independent places of business.

20.     Frontier Services Group LLC. provides all of the machinery, equipment and supplies that its Technicians use to perform their work.  While they are working, the Technicians use Frontier Services Group LLC.'s equipment.  Frontier Services Group LLC.'s investment in the machines and equipment used by its Technicians far exceeds any investment by plaintiff and putative class members.

21.     Technicians do not provide any material portion of the required equipment or any of the necessary products to perform their jobs.

22.     Technicians are paid based upon the hours they work.  They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Frontier Services Group LLC. each day.  The Technicians cannot suffer a loss of capital investment.  Their only earning opportunity was based on the number of hours they were told to work, which is controlled exclusively by Frontier Services Group LLC.

23.     Frontier Services Group LLC. pays Technicians in return for their labor.

24.     Frontier Services Group LLC. maintains control over pricing of the services and goods its Technicians provide.  Frontier Services Group LLC. has sole control over the rates charged to its customers for the services and products delivered and assembled by its Technicians and collects payment for these services and products directly from its clients/customers.

25.     Frontier Services Group LLC. made large capital investments in inventory, vehicles, equipment, tools and supplies in order for it to estimate and repair water damage for its customers.  Its Technicians do not. Frontier Services Group LLC. incurs operating expenses like rent, payroll, marketing, and insurance.  Its Technicians do not incur such operating expenses.

26.     Frontier Services Group LLC. keeps records of the hours it instructed its Technicians to work.  It also keeps records of the amount of pay plaintiffs and putative class members receive.  Plaintiff and putative class members were paid directly via weekly pay check issued to them from Frontier Services Group LLC..

27.     Despite knowing of the FLSA's requirements and that plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them a day rate instead of time and a half for the overtime hours that they worked.

28.     Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

29.     In addition to Wilber Moctezuma, defendant employed other Technicians who worked over forty hours per week, and were paid a day rate instead of time and a half for overtime hours worked.  These FLSA Class Members performed the job duties described above and they were subjected to the same unlawful policies.  The FLSA Class Members are similarly situated to Wilber Moctezuma.

30.     The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All Technicians  who worked for Frontier Services Group LLC. while receiving a day rate instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

31.     By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Frontier Services Group LLC. violated the FLSA.

32.     Frontier Services Group LLC. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

33.     Frontier Services Group LLC. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.  Their failure to pay overtime to Plaintiffs and the FLSA Class Members is willful.

34.     Frontier Services Group LLC. owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

35.     Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

Plaintiff prays for relief as follows:

1.  An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2.  Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.  An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.  All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**